READ et al. v. MOSER.

No. 2695.

Court of Civil Appeals of Texas. Eastland.

Dec. 3, 1948.

William E. Greenlees, of Big Spring, for appellants.

Martelle McDonald, of Odessa, for appellee.

GRISSOM, Chief Justice.

The Reads owned a hotel in Big Spring. Moser was driving his automobile at a speed of less than ten miles per hour and attempted to park his car at the curb in front of said hotel. When he applied the foot brake, it failed to respond, the automobile climbed an eight inch concrete curb in front of the hotel and continued forward more than fourteen feet and struck the hotel, breaking show windows and causing other damage. At the time of the collision, Moser's emergency brake was not working and had not been for a long time. Mr. Moser testified he later discovered that failure of the hydraulic foot brake to function was occasioned by failure of the master cylinder.

Special Issue 4 inquired whether Moser "operated said automobile with the brakes in an improper and unsafe condition * *" The jury's answer was "Yes. (Emergency brake)." Issue No. 5 inquired whether operation of the automobile by Moser "with brakes in an improper and unsafe condition" was negligence. The jury answered "Yes." In answer to question six,

the jury found that driving the car with "brakes in an improper and unsafe condition" was not a proximate cause of the collision. The jury found (7) that the collision was the result of an unavoidable accident. Judgment was rendered on the verdict for defendant and plaintiffs have appealed.

Appellants contend the judgment should be reversed on account of misconduct of the jury. The undisputed evidence showed that one of the jurors stated to the others, while they were deliberating, that he "had a knowledge of the functioning of hydraulic brakes and that, even had the defendant had emergency brakes in proper working order * * * the emergency brake would have failed when the master cylinder failed."

Issues 4, 5 and 6 did not specifically ask whether or not Moser's emergency brake was in an unsafe condition, or whether failure to have the emergency brake in safe condition was negligence or a proximate cause of the collision. The issues referred to brakes generally and the language was sufficiently broad to include inquiry as to both the foot brake and emergency brake. Yet the jury answered the question (4) whether Moser operated his automobile with the "brakes in an unsafe condition" as follows: "Yes. (Emergency brake)." The jury evidently accepted the testimony of the juror who claimed to be an expert on functioning of hydraulic brakes and concluded that since failure of the master cylinder caused the foot brake to not work, that if Moser's emergency brake had then been in working order it would have failed to work also and

that operating the car "with brakes in an unsafe condition" was not a proximate cause of the collision. Such testimony in the jury room was likewise material on the issue of unavoidable accident.

Article 799, P.C., provides that anyone who operates a motor vehicle on a public highway without adequate brakes in good working order is guilty of a misdemeanor. Article 827a, Vernon's Ann.P.C., Sec. 9, Par. 5, provides:

"Every motor vehicle other than a motorcycle when operated upon the highway shall be equipped with brakes adequate to control the movement of and to stop and to hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels."

The undisputed evidence on the motion for a new trial discloses misconduct of the jury. We conclude that the testimony of the juror was plainly calculated to affect the answers mentioned and probably caused it to find the collision was an unavoidable accident and to fail to find that operating the car with brakes in an unsafe condition was a proximate cause of the collision. After careful consideration of the record as a whole, we conclude that injury probably resulted to the appellants. Texas R. C.P. 327.

The judgment is reversed and the cause remanded.